UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THERMOVIEW INDUSTRIES, INC. APPELLANT

v. CIVIL ACTION NO. 3:07CV-239-S

NELSON E. CLEMMENS APPELLEE

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on appeal from a final judgment of the United States Bankruptcy Court in Case No. 05-37123(1)(11)/Adversary Proceeding No. 06-3124, pursuant to 28 U.S.C. § 158 and Fed.R.Bank.P. 8001(a).

The essential underlying facts and the procedural history of this matter appear to be undisputed. The chronological history set forth by the bankruptcy court in its March 9, 2007 final order is a useful starting point for this opinion:

> On or about July 11, 2005, [Nelson E.] Clemmens obtained a Judgment in the amount of $225,000 against the Debtor in the Jefferson Circuit Court in an action styled Nelson E. Clemmens v. ThermoView Industries, Inc., 01-CI-07901 (hereinafter referred to as "the Judgment"). Debtor filed a Notice of Appeal of the Judgment with the Kentucky Court of Appeals. That appeal is currently pending.[1]
>
> On July 27, 2005, Debtor transferred $300,000 of its funds to Westchester in order to obtain a supersedeas bond (the "Bond"). The purpose of the Bond was to stay enforcement of the Judgment by Clemmens pending Debtor's appeal.
>
> On or about September 26, 2005, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code. On or about June 22, 2006, Debtor instituted this adversary proceeding against Clemmens alleging that the transfer of the $300,000 by Debtor to obtain the bond constituted a preference under 11 U.S.C. § 547 and asserting that the transfer should be avoided.
>
> Clemmens answered denying the allegations in the complaint and asserting a crossclaim against Westchester. In the crossclaim, Clemmens sought a ruling that

---

[1] The appeal remains pending as of the writing of this opinion.

if the Debtor were successful in its preference action against Westchester, Westchester would still be liable under its obligation to Clemmens as a surety.

Westchester moved to dismiss the crossclaim asserting it failed to state a claim under Fed.R.Bank.P. 7012 due to the application of 11 U.S.C. § 547(d) which provides:

> The trustee may avoid a transfer of an interest in property of the debtor transferred to or for the benefit of a surety to secure reimbursement of such a surety that furnished a bond or other obligation to dissolve a judicial lien that would have been avoidable by the trustee under subsection (b) of this section. The liability of such surety under such bond or obligation shall be discharged to the extent of the value of such property recovered by the trustee or the amount paid to the trustee.

On January 5, 2007, this Court issued its Memorandum-Opinion and Order holding the transfer constituted a preference and ordering it avoided. The Opinion, however, did not address the crossclaim or the application of § 547(d).

On January 16, 2007, Clemmens filed his Motion to Alter, Amend or Vacate Memorandum-Opinion and Order Entered January 5, 2007. In this Motion, Clemmens raised a variety of arguments to persuade this Court to set aside its decision. In particular, Clemmens focused on the applicability of § 547(d), claiming it precluded avoidance of the transfer to Westchester.

Upon consideration of the motion, argument of counsel, and a more through review of the precise exact language of § 547(d), the Court now accepts Clemmens position…

In summary, as the transfer to Westchester by the Debtor for the issuance of a surety <u>did not</u> dissolve an avoidable judicial lien, the Court finds this transfer may not be avoided and the Debtor's complaint must be dismissed…

It is hereby **ORDERED** the Motion to Alter, Amend or Vacate Memorandum-Opinion and Order Entered January 5, 2007 filed by the Defendant, Nelson E. Clemmens is **GRANTED** and the Memorandum-Opinion and Order entered January 5, 2007, is **SET ASIDE**. It is further **ORDERED** the complaint filed by the Debtor as well as the crossclaim filed by Nelson E. Clemmens are **DISMISSED**.

March 9, 2007 Bank. Order, pp. 1-4.

Upon the entry of the March 9, 2007 Final Order dismissing the adversary proceeding, ThermoView filed the present appeal. ThermoView framed the issues on appeal as follows:

> 1. Whether the Bankruptcy Court erred in vacating its Order entered on January 5, 2007, wherein it granted summary judgment in favor of the Debtor/Appellant, ThermoView Industries, Inc. ("ThermoView").

2. Whether the Bankruptcy Court erred in dismissing ThermoView's Complaint to Avoid Preferential Transfer.

In its final order, the bankruptcy court emphasized that "[s]ection 547(d) allows a trustee to recover a transfer of an interest in property of the debtor transferred to a surety that furnished a bond or other obligation <u>to dissolve a judicial lien</u> that would have been avoidable by the trustee under § 547(b)," and found that the transfer of $300,000 by ThermoView to Westchester for the issuance of a supersedeas bond did not dissolve an "avoidable judicial lien." We agree. As explained in Collier on Bankruptcy, Vol. 4, § 506.03[1][a], "The term 'judicial lien' is defined in section 101 to mean a 'lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.' An example of a judicial lien would include certain liens granted as a result of a judgment in a civil action, including attachments and writs of garnishment. Equitable and common law liens may also fall within the definition of a 'lien.'" The supersedeas bond obtained herein clearly falls outside of this definition.

We further conclude, however, that the bankruptcy court erred in its reading of § 547(d) to automatically preclude the avoidance of the transfer for the benefit of Clemmens under § 547(b). That is, we disagree with the bankruptcy court's conclusion that the transfer in question only be avoided, if at all, under §547(d) because a surety is involved.

After determining that § 547(d) did not apply to the transaction in question, the court held:

Conversely, a transfer to a surety which did not furnish a bond or other obligation to dissolve a judicial lien would not be avoidable. This section constitutes a preference affirmative defense in addition to the more commonly used preference defenses found in § 547(c). Clearly the bond issued by Westchester did not dissolve a judicial lien. As such, the conditions precedent set forth in § 547(d) were not satisfied and the Trustee (or the Debtor here) may not avoid this transfer to Westchester…In summary, as the transfer to Westchester by the Debtor for the issuance of a surety did not dissolve an avoidable judicial lien, the Court finds this transfer may not be avoided and the Debtor's complaint must be dismissed…"

March 9, 2007 Bank. Order, p. 3.

The court finds no support in either law or logic for the decision to permit the avoidance of a transfer to a surety who posts a bond to dissolve a judicial lien, but preclude the avoidance of a transfer for the posting of a supersedeas bond.

Subsection (d) discharges a surety's obligation to pay on the bond to the extent that it is required to disgorge to the trustee the property or money transferred. In other words, subsection (d) unwinds the transaction. The provision discourages creditors from racing to the courthouse to execute on property and thereby attempt to improve their position prior to an anticipated bankruptcy filing. After the posting of a bond and the release of a judicial lien, subsection (d) enables the trustee to unwind that transaction and avoid the preference obtained by the creditor while relieving the surety of its contractual obligation on the bond to the extent the preference is avoided.

The situation differs with respect to the posting of a supersedeas bond to forestall execution on a judgment pending appeal. While the appeal is pending, the debtor retains a reversionary interest in the property transferred. It is not until resolution of the appeal affirming the judgment in favor of the creditor that the debtor's interest in the property is extinguished and the obligation of the surety to the creditor under the bond solidified. Of course, should the appeal be decided adversely to the creditor, there can be no obligation under the bond, and the debtor would be entitled to return of the amount transferred to secure the judgment.[2] In *In re Duplitronics*, 183 B.R. 1010, 1014-15 (N.D.Ill. 1995), the court explained

> A supersedeas bond is generally required to obtain a stay of execution on a judgment pending appeal. *See, e.g.,* Fed.R.Civ.P. 62(d). The purpose of the bond is to protect the appellee, who normally would have the right to execute on the judgment immediately, and "insures that if the judgment is affirmed, the appellee will have a source of recovery and will not have been prejudiced by being prevented from executing on the judgment." Michael R. Smith, "Obtaining a Supersedeas Bond," 23 Colo.Law. 607 (1994). The appellant retains a

---

[2] The debtor clearly would not be entitled to return of each dollar transferred. The surety's costs constitute a transfer for present value which cannot be recouped.

reversionary interest in the bond subject to divestment. *Edwards v. Armstrong*, 6 F.3d 312, 316 (5th Cir. 1993), *rev'd on other grounds sub nom. Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). That is, if the appeal is successful and the judgment is overturned, what is left of the bond reverts to appellant. In the event that the appeal fails, appellant is divested of its interest in the bond.

The difference between the posting of a bond to release a judicial lien and the posting of a supersedeas bond is thus apparent. The question remains how the Bankruptcy Code treats the suspersedeas bond scenario; that is, a transfer of an interest in property with a reversionary interest to the debtor.

The pro rata discharge of the bond obligation provided in subsection (d) is unavailable where the bond was not furnished to dissolve a judicial lien. However, where, as here, a supersedeas bond has been posted to secure an as yet undecided judgment on appeal, there is no need of the pro rata discharge provision, as there is, as yet, no obligation of the surety to pay the creditor.

Without citation of authority, the bankruptcy court concluded that §547(d) addressed the entire universe of surety obligations. This court does not read § 547(d) as addressing any surety obligations other than in the context of dissolving judicial liens. The bankruptcy court offered no justification for exempting other surety obligations from the scrutiny of the bankruptcy court under other avoidance provisions such as § 547(b).

There appears to be no recent law on this point. The case of *In re Morris*, 333 F.Supp. 204 (E.D.Mich. 1971) is instructive, however, and provides support for our conclusion under the earlier version of 547(d) that scrutiny under § 547(b) is proper where 547(d) is inapplicable.[3] *In re Morris* addressed the question of whether a payroll deduction or wage assignment was a lien

---

[3] The legislative history to § 547(d) states that "[s]ubsection (d), derived from 67a of the Bankruptcy Act, permits the trustee to avoid a transfer to reimburse a surety that posts a bond to dissolve a judicial lien that would have been avoidable under this section. The second sentence protects the surety from double liability." [*House Report No. 95-595, 95th Cong., 1st Sess. 374 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 88-89 (1978)*.]

"obtained by attachment, judgment, levy or other legal or equitable process or proceeding" within the purview of 67a(1) of the Bankruptcy Act [the predecessor to § 547(d)]. As we find both the analysis and the result instructive, we quote from the case at length:

> The petitioner now asks this court to reverse the decision of the Referee arguing that § 67a(1) invalidates only judicially created liens, not contractual assignments or transfers…In proceeding to decision on review we look to the history of § 67a(1) and the discussions of the purposes and policies of that section of the Bankruptcy Act in general…
>
> The stated purpose of the bankruptcy legislation is to facilitate the fair and equitable distribution of nonexempt property of the bankrupt among his creditors. More specifically, the section invalidating judicially obtained liens within the four months prior to bankruptcy was intended to prevent a race to the courthouse to obtain a lien so as to have priority in the distribution of the bankrupt's assets…
>
> There is a substantial difference between a lien arising out of an assignment of wages agreement and one arising out of garnishment proceedings. Garnishments or other judicial proceedings to attach assets of a debtor are nonconsensual arrangements, enabling a creditor to reach assets of the debtor to satisfy at least part of the debt owing him where the debtor is uncooperative. In attempting to fulfill the purpose of the Bankruptcy Act not all nonconsensual liens were invalidated, only those obtained within four months prior to bankruptcy if at the time of the lien the debtor was insolvent of if the lien was sought and permitted in fraud of the Act. With respect to consensual liens, including, as we have alluded to above, an assignment of wages, the Act invalidates only those that run afoul of the preference provisions of § 60, of the fraudulent transfer provisions of § 67d, of the strong arm provisions of § 70c, and of the preference and fraudulent transfer provisions of state law made applicable by § 70e. See, Collier, Vol. 4, § 67.12[5]. We are of the opinion that it would not foster the attempts on the part of a debtor to straighten his affairs if he were prohibited from executing consensual liens, e.g., agreeing to a wage assignment which would give rise to a contractual lien, if such were included in the § 67a(1) invalidating provisions. It is to the credit of the honest debtor if he tries to meet his financial obligation with direct means such as wage assignments or mortgages. If these steps are taken in fraud of his creditors the other sections of the Bankruptcy Act (which are not part of the record on review in this Court) will invalidate such transfers. There is no need to include them with the judicially created liens.

*In re Morris*, 333 F.Supp. at 204-06 (emphasis added). The preference provisions of § 60 referred to in *Morris* are an earlier version of the Bankruptcy Code's § 547(b). *See, Corn Exchange Nat. Bank & Trust Co. v. Klauder*, 318 U.S. 434, 435-36, 63 S.Ct. 679, 681 (1943).

We conclude that, in light of the apparent purpose for the enactment of § 547(d), and in concurrence with the well-reasoned interpretation of the District Court for the Eastern District of Michigan, the inapplicability of § 547(d) to the transfer herein for the provision of a supersedeas bond does not preclude an attempt to avoid the transfer under § 547(b).

As noted in *In re Duplitronics, supra,* and *Edwards v. Armstrong World Industries, Inc.*, *supra*, the debtor has a reversionary interest in the supersedeas bond until such time as the appeal is decided adversely to him. Thus the transfer of the interest may be challenged as a preference under § 547(b). The bankruptcy court made such an evaluation and entered its Memorandum Opinion and Order on January 5, 2007. The court vacated that opinion solely on the basis that it found, upon reconsideration, that § 547(d) offered the only means of avoiding a transfer to a surety. As we have found that conclusion to be erroneous, we conclude that it was error for the court to vacate its January 5, 2007 opinion and order finding the transfer to be an avoidable preference under § 547(b).

The court's review of the vacated summary judgment opinion of the bankruptcy court and the briefs on appeal leads to the conclusion that the bankruptcy court's January 5, 2007 memorandum opinion was legally sound.

The parties suggested to the bankruptcy court that the concluding paragraph of the opinion and the order needed to be reconciled. The opinion stated:

> Finally, by finding that Debtor has established all elements of a preference under 11 U.S.C. § 547, the Court determines that the appropriate remedy is to void the transfer. The Debtor's Complaint does not seek recovery of the funds under 11 U.S.C. § 550. Rather, the transfer of the interest in the Bond to Clemmens is avoided.

Mem.Op. p. 9. The accompanying order then states, "The transfer of $300,000 by Debtor to Westchester Fire Insurance Company to obtain the Supersedeas Bond on behalf of Defendant Nelson E. Clemmens is avoided pursuant to 11 U.S.C. § 547." We do not find that the ruling in the Memorandum Opinion that the transfer of the interest in the supersedeas bond constituted an

avoidable preference and the order that requires Westchester to disgorge the money transferred to it to obtain the bond[4] to be irreconcilable.

The Complaint sought to have the bond avoided and the property of the estate disgorged and returned. ThermoView alleged, and the bankruptcy court found, that the transfer of the $300,000 to Westchester diminished the debtor's estate and constituted an indirect transfer of property of the debtor for the benefit of Clemmens upon the posting of the supersedeas bond by Westchester. Thus the interest in property for the benefit of Clemmens was correctly identified by the bankruptcy court as ultimately residing in the bond which secured Clemmens' judgment. While he did not receive in hand the $225,000 owed on the judgment, he was rendered secure in his ability to obtain payment should he prevail on appeal. The cost to (diminishment of) the estate in preferring Clemmens in this manner was the $300,000 paid to Westchester. Thus the naming of Westchester, the party in possession of the property of the estate, as a necessary party to the action, and Clemmens, the creditor for whose benefit the transfer was made, was proper. Section 550 permits the recovery to the estate of property the transfer of which is avoided under § 547 from the initial transferee of such transfer. § 550(a)(1). *See, ie.,* 45 Business Law. 511, 524-25 (1990)("Congress expected the liability of initial transferees to coincide with their relationship to the avoiding power elements or defenses..inference that Congress intended liability to flow from one's substantive relationship to the avoided transfer.").

Finally, the court finds that the bankruptcy court properly declined to rule on the cross-claim of Clements seeking a declaration that Westchester remain liable on the bond regardless of the outcome of the preference action. For two reasons, we find this cross-claim to be improper.

---

[4] Again, we note that the entire $300,000 would be reduced by the amount of Westchester's charges for the bond, an amount not disclosed, which would not be avoidable because it would not be on account of an antecedent debt but rather for current value.

First, the appeal has not been decided.  Therefore, any ruling on the obligation imposed by the supersedeas bond would be speculative and advisory.  There is no certainty that the bond would even mature into an executable obligation to pay anything to the creditor.  Second, at such time as the bond might mature upon affirmance of the lower court judgment, all interest of the debtor would be extinguished, and therefore the enforcement of any obligation would be beyond the power of the bankruptcy court.  As noted in *Duplitronics,* 183 B.R. at 1014,

> Upon the lodging of the mandate of the appellate court with the trial court, the appellate process has concluded, at least as concerns the appeal bond, and the appellant no longer has a property interest in the bond.  *See, e.g., In re Southmark Corp.*, 138 B.R. 820, 828 (Bank.N.D.Tex. 1992).  If the appellant then commences a bankruptcy proceeding, the foregoing bond is not property of the appellant's estate.  *In re Keene Corp.*, 162 B.R. 935, 942 (Bankr.S.D.N.Y. 1994); *Edwards,* 6 F.3d at 316-317; *Willis v. Celotex Corp.*, 978 F.2d 146, 149 (4th Cir. 1992), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1846, 123 L.Ed.2d 470 (1993).  If the bond is not property of a debtor, as property is defined in the Bankruptcy Code, it is not property of the debtor's estate.  Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  *See, I.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983).  Since the debtor has no interest in a supersedeas bond after final judgment on an unsuccessful appeal, the bond is not property of the estate.  *See, e.g., In re Alwan Bros. Co.*, 112 B.R. 294, 296 (Bankr.C.D.Ill. 1990).

We therefore conclude that the dismissal of Clemmens' cross-claim was proper.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the March 9, 2007 Order of the bankruptcy court is **VACATED**, the January 5, 2007 Memorandum Opinion of the bankruptcy court is **REINSTATED**, and the dismissal of the cross-claim of the defendant, Nelson E. Clemmens, is **AFFIRMED**.  The plaintiff, ThermoView Industries, Inc., **SHALL TENDER AN ORDER OF JUDGMENT** crafted in accordance with this opinion **within forty-five (45) days from the date of entry of this order**.

**IT IS SO ORDERED** this